FILED

JUN 2 5 2009

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| VICTOR NATHAN SCHILDAN, | ) | |
| | ) | Civil No. 08-406-PK |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GUY HALL, Superintendent, | ) | FINDINGS AND RECOMMENDATION |
| Two Rivers Correctional | ) | |
| Institution, | ) | |
| | ) | |
| Respondent. | ) | |

Samuel C. Kauffman
Garvey Schubert Barer
121 S.W. Morrison Street,
Eleventh Floor
Portland, Oregon  97204

        Attorney for Petitioner

John R. Kroger
Attorney General
Jacqueline Sadker
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97301

        Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATION

PAPAK, Magistrate Judge.

Petitioner Victor Nathan Schildan brings this habeas corpus action pursuant to 28 U.S.C. § 2254 and challenges his convictions and sentence for rape in the first degree, sodomy in the first degree, attempted sexual abuse in the first degree and using a child in a display of sexually explicit conduct.  For the reasons set forth below, the Petition for Writ of Habeas Corpus (#1) should be denied, and Judgment should be entered dismissing this action with prejudice.

<u>**BACKGROUND**</u>

On February 20, 2003, the Columbia County District Attorney's Office charged Schildan with two counts of Rape in the First Degree, fourteen counts of Sodomy in the First Degree, one count of Unlawful Sexual Penetration in the First Degree, seven counts of Sexual Abuse in the First Degree, and four counts of Using a Child in a Display of Sexually Explicit Conduct.  Respondent's Exhibit 102.  Schildan pled no contest to two counts of Rape in the First Degree, one count of Sodomy in the First Degree, and three counts of Attempted Sexual Abuse in the First Degree.  He pled guilty to three counts of Using a Child in a Display of Sexually Explicit Conduct.  The sentencing court accepted Schildan's plea and imposed a sentence in accord with the parties' plea agreement totaling 240 months.  Respondent's Exhibit 101, pp. 2-8.

Schildan did not directly appeal his sentence, but did file for post-conviction relief ("PCR") in state court. The PCR trial court denied relief. <u>Schildan v. Hall</u>, Umatilla County Circuit Court Case No. CV04-0459. The Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. <u>Schildan v. Hall</u>, 214 Or. App. 571, 166 P.3d 606 (2007), <u>rev. denied</u>, 343 Or. 690, 174 P.3d 1016 (2007); Respondent's Exhibits 113-117.

On March 31, 2007, Schildan filed this action. His grounds for relief can be summarized as follows:

1.  Ground One: Petitioner was not provided or shown discovery by his attorney.

    Supporting Facts: Petitioner's trial attorney still to this day refuses to share Petitioner's discovery (case file). Both Umatilla, and Columbia County Circuit Courts of Oregon have denied Petitioner a copy [of] the discovery by denying Petitioner's Motion to compel attorney to turn over case file. Petitioner has yet to see all police, forensic, and/or any medical reports (except that of supposed victim #1), discovery et al. All evidence petitioner has seen or obtained has been through court clerks in Columbia county, Oregon, and post conviction attorneys. A plea cannot be entered into knowingly, intelligently, and be considered voluntary if petitioner was not allowed to view all discovery against him. Petitioner did not have all the facts on which to base his decision.

2.  Ground Two: Petitioner was not completely advised as to the sentence he would receive.

    Supporting Facts: Petitioner was charged with 28 counts alleging various sex crimes involving rape, sodomy, sex abuse, and other inappropriate behavior with his child and step-children. He pled no contest to two counts of rape in the first degree, one count of sodomy in the first degree, and three counts of attempted sexual abuse

in the first degree.  Petitioner pled guilty to three
counts of of using a child in a display of sexually
explicit conduct.  The remaining charges were dismissed.
The court imposed a stipulated sentence of 240 months in
prison.  At petitioner's post-conviction hearing and at
the deposition, petitioner testified that he was
uninformed as to the charges and that he thought he was
going to get only 100 months in prison.  Petitioner's
verbal plea-agreement for 100-months.  The sentence given
was an upward departure.  Upper departures require either
a finding of fact for that departure beyond a reasonable
doubt, facts being pled to upon acceptance of plea, or
prior conviction.  Petitioner did not plea to facts
required by Oregon statute's a willingness to commit more
than one criminal offense or the ending of one criminal
episode and the commencement of another.  These
requirements must be met in order to upwardly depart by
imposing consecutive sentences.  Each block that is run
consecutively should run concurrently to each of the
other charge groupings.

3.   Ground Three:  Post-Conviction Court dismissed the
     successive petition and his Motion for Relief which were
     filed together but as two separate motions.

     Supporting Facts: A pleading can be dismissed if, on its
     face, it demonstrates that the statute of limitations has
     expired.  That was not the case here.  Although there is
     a two year statute of limitations on post-conviction
     petitions, there is an escape clause with no ultimate
     temporal limitation.  As such, the petition may have
     fallen within this saving exception and the court cannot
     dismiss on that basis.  The post-conviction court was
     obligated to rule on petitioner's motion to appoint
     counsel before disposing of the petition.  The court
     failed to do so.

4.   Ground Four:  The Judge was biased in Circuit court and
     counsel failed to object and/or to move to have the judge
     disqualified.

     Supporting Facts: Prior to the felony proceedings, Judge
     Grove presided over petitioner's related civil case filed
     by child services three months prior in which Judge Grove
     viewed all the same evidence in the civil case as was
     related to in the felony proceedings.  The judge had
     already made a finding against petitioner in the civil
     case prior to sentencing in the felony case.

4 - FINDINGS AND RECOMMENDATION

5.    Ground Five:  Counsel was ineffective in that he failed
to object to the Plea Agreement being altered after
petitioner had already initialed and signed the Plea
Agreement.

Supporting Facts:  If taken notice: last two lines added
on page 1; last line of item #8 added on page 2; item #10
on page 2 where Counts 14, 15, 17 were squeezed in on a
blank line; item #17 on page 3, again Counts 14, 15, 17
were squeezed in.  A simple visual inspection of the
original or a photocopy of the Plea Agreement show it has
been altered with a different pen being used to add the
particular items captioned above.

6.    Ground Six:  Petitioner was not informed of and did not
know that by accepting his Plea Agreement, he would be
labeled a Sexually Violent Dangerous Offender and
therefore have mandatory lifetime Post-Prison
Supervision.

Supporting Facts:  An Oregon statute that was added to
the sentencing judgment after sentencing stipulates that
petitioner's charges require mandatory lifetime post
prison supervision and not the 20 years less time served
as written in the plea agreement and as stated in the
sentencing transcript by the judge.  Life time post-
prison supervision equates to a life sentence in prison
as supervision is the same as prison less the barbed wire
and walls.

7.    Ground Seven:  Counsel was ineffective at sentencing in
that he failed to object to the "attempted" offenses not
being properly reduced in seriousness level for sentence
imposition.

Supporting Facts:  Counts 14, 15, 17 are supposed to be
a "6-AA" on the presumptive sentencing grid at a "25 to
30 month sentence".  Not 70 months as they are now listed
in petitioner's sentence.  This failure prejudiced
petitioner by 40-45 months and upwardly departed his
sentence.

8.    Ground Eight:  Counsel failed to object to the lack of a
Pre-sentence Investigation and/or failed to move for a
P.S.I. and psychological exam required by Oregon statutes
for supposed sex crimes.

Supporting Facts:  An Oregon Statute requires the court to order a P.S.I. and psychological exam.  By not having a P.S.I., petitioner was denied procedural due process in receiving his departure sentence within guidelines provided by this statute.

9.    Ground Nine:  Counsel was ineffective at sentencing in that he failed to object to plea of "lesser included offenses" of 14, 15 & 17 while running concurrent to each other, where erroneously run consecutively to the greater.

Supporting Facts:  Lesser included offenses merge for the purpose of sentencing and therefore must run concurrently to the greater offense they are included in.

10.   Ground Ten:  Counsel was ineffective due to his failure to move for suppression of confession or to inform petitioner of his right against self incrimination.

Supporting Facts:  Petitioner's Miranda waiver was signed approximately 3 months after his custodial interrogation at the county sheriff's office in a locked back room of the station.  During the custodial interrogation, petitioner was not warned or informed of his right against self-incrimination.  Petitioner's statements prior to the warning and matching statements afterward taint the proceedings due to inadmissibility.

11.   Ground Eleven:  Counsel was ineffective in that he failed to challenge/object to the district attorney claiming a medical exam of victim #2 bolstered the state's case, when in fact the exam at best, was inconclusive and could not reinforce the state's case as the district attorney claimed.

Supporting Facts:  The prosecutor misled the tribunal, this is egregious misconduct by the state.

12.   Ground Twelve:  Counsel was ineffective in that he did not inform petitioner of a need to sign a valid jury waiver and the "reasonable doubt" standard juries ensure as to findings of fact.

Supporting Facts:  Counsel failed to inform petitioner of the jury trial principles, and that the courts have concluded that judicial findings of aggravating factors, without a valid waiver, are not permitted.

6 — FINDINGS AND RECOMMENDATION

13.  Ground Thirteen:  Counsel failed to investigate elements of the and/or crimes petitioner was accused of committing.

Supporting Facts:  If counsel had investigated and reviewed all discovery, counsel would have found the following exculpatory evidence:  (1) victim #2 (K.) had been caught a year and a half earlier "playing doctor" with her male friend, showing sexual curiosity and alternate source of her knowledge of biology; (2) victim #1 & #3 medical exams showed negative and inconsistent with first degree rape, and first degree sodomy; (3) victim #2 medical exam showed inconclusive and abnormal hymen was inconsistent with first degree rape; (4) petitioner's police interrogation disproved "gratification element" of sex charges; (5) inconsistencies in victims' statements and the coercive and leading manner victims were questioned would show they were coached and manipulated into making their statements against petitioner, i.e., when tape is started, the questioner would refer back to what was "just talked about" before turning on the tape--showing statements being coerced to them; (6) forensic evidence seized from petitioner's home disproving claims.

If counsel had exercised due diligence on petitioner's behalf, petitioner would not have been talked into taking a plea deal and would have been acquitted at trial.

Respondent asks the court to deny relief on the Petition because the majority of petitioner's claims were not fairly presented to the Oregon Courts and are procedurally defaulted; and (2) the remaining claims were correctly denied on the merits in a state-court decision that is entitled to deference.

### DISCUSSION

### I.    Unargued Claims

Notwithstanding the fact that respondent addressed all of the claims set forth in the *pro se* Petition, Schildan fails to brief Ground One and Grounds Three through Thirteen in his counseled

7 - FINDINGS AND RECOMMENDATION

supporting memorandum.  Rather, he asserts with regard to these unbriefed claims that "he will rely on the arguments and documents submitted with his petition."  Memorandum in Support (#30), p. 9. The court has nevertheless reviewed the record as to Ground One and Grounds Three through Thirteen and determined that they would not entitle petitioner to relief.  See 28 U.S.C. § 2248 ("The allegations of a return to the writ of habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true.").

## II.  **Merits (Ground Two)**

In his supporting memorandum, Schildan contends trial counsel failed to ensure Schildan's pleas were knowing, voluntary and intelligent.  According to Schildan, had he known he would be serving 240 months, rather than 100 months (the time he believed he was agreeing to serve under the plea deal), he would not have pled guilty.

### A.  **Standard of Review**

An application for writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was:  (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

8 - FINDINGS AND RECOMMENDATION

A state court's findings of fact are presumed correct and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct legal principle from [the Supreme Court's] decisions, but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. Id. at 410. The state court's application of clearly established law must be objectively unreasonable. Id. at 409.

The Supreme Court has established a two-part test to determine whether a petitioner has received ineffective assistance of counsel. First, the petitioner must show that his lawyer's performance fell below an objective standard of reasonableness. Strickland v. Washington, 466 U.S. 668, 686-687 (1984). Due to the difficulties in evaluating counsel's performance, courts must

9 - FINDINGS AND RECOMMENDATION

indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." Id at 689.

Second, the petitioner must show that his lawyer's performance prejudiced the defense. The appropriate test for prejudice is whether the defendant can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id at 694. A reasonable probability is one which is sufficient to undermine confidence in the outcome of the trial. Id at 696.

In Hill v. Lockhart, the Supreme Court adapted the two-part Strickland standard to guilty pleas based on ineffective assistance of counsel, holding that a defendant seeking to challenge the validity of his guilty plea on the ground of ineffective assistance of counsel must show that (1) his "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for [his] counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." 474 U.S. 52, 57-59 (1985).

**B.    Analysis**

At the conclusion of Schildan's PCR trial, the court made the following pertinent finding and conclusion on the record:

> JUDGE BARBER:   All right.    Mr. Schildan, I've spent considerable time going over the file in this case, including your deposition, the plea agreement or the plea petition, and obviously the memorandum of the defendant.

10 - FINDINGS AND RECOMMENDATION

> I did notice your Exhibit 107 in which you really base your whole movement on the hardship issues. And I guess you understand that this Court is not considering hardship in this case. It's considering the effectiveness of your trial counsel.[1]
>
> And your testimony now is just completely inconsistent with the plea petition and with the sentencing transcript, and I do not find that you have met your burden of proof, and, therefore, this petition is going to be dismissed without relief.

Respondent's Exhibit 111, pp. 18-19.

Schildan asserts the PCR court's credibility finding made from the bench is not a "formal finding" that this court must defer to. Memorandum in Support (#30), p. 8 (citing Johnson v. Trigg, 28 F.3d 639 644 (7th Cir. 1994)). I disagree. In Johnson, the court specifically noted that an oral finding that had been transcribed sufficed as "'reliable and adequate written indicia' of the state court's finding" and that "[t]he findings to which deference is due under section 2254(d) are 'determination[s made] after a hearing' and resolving 'the merits of the factual dispute.'" Johnson, 28 F.3d at 644. As noted above, the PCR court's transcribed credibility finding came at the close of Schildan's PCR trial and, thus, is entitled to deference by this court.

---

[1] The PCR court refers to a letter Schildan wrote to his sentencing court in or about October 2003 asking the judge to amend his judgment to run all charges concurrent to Count 1 and reduce his sentence to 100 months because of family medical issues and because he was remorseful for what he put the victims and his family through. See Respondent's Exhibit 110.

11 - FINDINGS AND RECOMMENDATION

Moreover, I have reviewed Schildan's plea petition and
sentencing hearing transcript. Respondent's Exhibits 103 & 104.
While Schildan contends that:    (1) the plea petition was
complicated and ambiguous; (2) the trial court failed to clarify
the sentence at the plea and sentencing hearing; and (3) he
understood he would be serving 240 months for the first time while
being processed at the Department of Corrections, I note that at
the conclusion of the sentencing hearing the trial court stated as
follows:

> You're sentenced to essentially 20 years with the
> Department of Corrections.

> * * *

> I am going to follow the recommendation of the state for
> the most part. On counts one, two and three I'm going to
> order that you serve 100 months under Measure -- Senate
> Bill 11, Ballot Measure 11, and that they are concurrent
> to each other but consecutive to the other sentences that
> I'm imposing.

> As to counts 14, 15 and 17 I'm going to order that you
> serve 70 months. Actually it's on counts 25, 26 and 27
> that you serve 70 months, Ballot Measure 11, concurrent
> to each other but consecutive to the other charges.

> On 14, 15 and 17 I'm going to order that you serve 70
> months which will be served concurrently amongst those
> three and consecutive to the other sentences that I have
> imposed today.

Respondent's Exhibit 104, pp. 22-23.

Based on the foregoing, I am satisfied that the trial court
adequately summarized Schildan's sentence at his plea and
sentencing hearing and am wholly unpersuaded that Schildan first
learned that he had been sentenced to 240 months when he was booked

12 - FINDINGS AND RECOMMENDATION

at the Department of Corrections.   Accordingly, on this record,
Schildan cannot demonstrate that his trial counsel's representation
of him with regard to his no contest and guilty pleas fell below an
objective standard of reasonableness.

Accordingly, Schildan's ineffective assistance claim (Ground
Two) fails under <u>Strickland</u>'s (and <u>Hill</u>'s) deficient performance
prong.   The PCR trial court's decision concluding that petitioner
was not denied the right to effective assistance of counsel is
neither contrary to, nor an unreasonable application of, clearly
established federal law.

**RECOMMENDATION**

For the reasons identified above, the Petition for Writ of
Habeas Corpus (#1) should be DENIED, and judgment should enter
DISMISSING this case with prejudice.

**SCHEDULING ORDER**

Objections to these Findings and Recommendation, if any, are
due July 9, 2009.   If no objections are filed, then the Findings
and Recommendation will be referred to a United States District
Judge for review and go under advisement on that date.     If
objections are filed, any response to the objections will be due
fourteen days after the date the objections are filed and review of
the Findings and Recommendation will go under advisement on that
date.

///

13 - FINDINGS AND RECOMMENDATION

## NOTICE

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to *de novo* consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge.   These Findings and Recommendation are not immediately appealable to the Ninth Circuit Court of Appeals.   Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

DATED this 25th day of June, 2009.

Paul Papak
United States Magistrate Judge

14 - FINDINGS AND RECOMMENDATION