FILED'09 AUG 10 16:12 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

VICTOR NATHAN SCHILDAN,                                    CV. 08-406-PK

       Petitioner,                                          ORDER

  v.

GUY HALL, Superintendent, Two
Rivers Correctional
Institution,

       Respondent.


Samuel C. Kauffman
Garvey Schubert Barer
121 S.W. Morrison Street
Eleventh Floor
Portland, Oregon, 97204

    Attorney for Petitioner

John R. Kroger
Attorney General
Jacqueline Sadker
Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, Oregon, 97301

    Attorneys for Respondent

MARSH, Judge.

1 -- ORDER

Magistrate Judge Paul Papak filed his Findings and Recommendation on June 25, 2009. The matter is now before me pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). When either party objects to any portion of a Magistrate's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate's report. See 28 U.S.C. § 636(b)(1)(C); McDonnell Douglas Corp. v. Commodore Business Machines, Inc., 656 F.2d 1309, 1313 (9th Cir. 1981), cert. denied, 455 U.S. 920 (1982). Petitioner has filed timely objections. I have, therefore, given the file of this case a *de novo* review.

## DISCUSSION

### I. Grounds for Relief 1 and 3-13.

Judge Papak recommended the denial of habeas relief as to grounds for relief 1, and 3-13, on the basis that a review of the record reveals petitioner is not entitled to relief. In so holding, Judge Papak noted that petitioner had failed to address any of the grounds in his supporting memorandum, and cited 28 U.S.C. § 2248, which provides that "[t]he allegations of a return to the writ of habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."

///

Petitioner objects to Judge Papak's recommendation on the basis that "the fact that petitioner did not respond to certain specific <u>legal</u> arguments made by respondent in his memorandum, does not provide a basis for summary dismissal or a presumption that respondent's argument is correct." Petitioner concludes that "even if [he] provided <u>no</u> legal argument in support of the claims raised in his petition, the Court should nevertheless consider those claims and the evidence and record presented to it in determining the appropriate relief."

I agree that 28 U.S.C. § 2248 does not provide a basis for finding a claim *waived* by virtue of a petitioner's failure to address it in a supporting memorandum. <u>Elkins v. Belleque</u>, 2008 WL 5046386, *2 (D.Or. 2008); <u>Spillino v. Belleque</u>, 2009 WL 585929, *3 (D.Or. 2009); <u>Solano v. Belleque</u>, 2009 WL 2246213, *3 (D.Or. 2009); <u>Harris v. Belleque</u>, 2009 WL 2132720, *6 (D.Or. 2009). However, Judge Papak did *not* hold that grounds for relief 1 and 3-13 were waived. Rather, he held that, based upon his review of the record, habeas relief was not warranted. For the following reasons, I adopt this recommendation.

Grounds for relief 4-9, 11, and 12, were procedurally defaulted due to petitioner's failure to raise them in his amended petition for state post-conviction relief. Grounds for relief 10 and 13 were procedurally defaulted because, although raised in his amended petition for post-conviction relief, they were not raised

3 -- ORDER

on appeal from the denial of post-conviction relief. Petitioner's attempt to raise the claims in a successive petition for state post-conviction relief was rejected by the state court based upon an independent and adequate state rule. See O.R.S. 138.550(3). Petitioner has failed to demonstrate any basis to excuse his procedural default. Accordingly, habeas relief is precluded as to these grounds for relief. Edwards v. Carpenter, 529 U.S. 446, 451 (2000).

Ground for relief one, ineffective assistance of counsel for failing to provide discovery, does not warrant habeas relief because the state post-conviction court's conclusion that trial counsel was not ineffective is not contrary to, or an unreasonable application of clearly established federal law; nor is it premised upon an unreasonable determination of the facts in light of the evidence presented. See 28 U.S.C. § 2254(d)(1) & (2); see also Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004), cert. dismissed, 545 U.S. 1165 (2005) (petitioner bears burden of proving he is entitled to habeas relief). Finally, habeas relief is not warranted as to ground for relief 3 because it does not allege the violation of a federal constitutional right. See Bonin v. Calderon, 77 F.3d 1155, 1161 (9th Cir.), cert. denied, 516 U.S. 1143 (1996) (habeas relief does not lie for errors of state law, unless the error amounts to a deprivation of petitioner's constitutional rights).

4 -- ORDER

## II. Ground for Relief Two.

Judge Papak recommended the denial of habeas relief as to ground two on the basis that the state court's conclusion that trial counsel was not deficient was neither contrary to, nor an unreasonable application of, clearly established federal law. Petitioner objects to Judge Papak's recommendation on the basis that (1) the record supports petitioner's testimony that he misunderstood the terms of the plea agreement; and (2) Judge Papak erred in deferring to the state court's credibility finding. I have reviewed the record and find no error. Accordingly, I adopt Judge Papak's recommendation that habeas relief be denied as to ground for relief two.

### CONCLUSION

Based on the foregoing, I ADOPT the Findings and Recommendation #31 of Magistrate Judge Papak. Petitioner's petition for writ of habeas corpus (#1) is DENIED, and this proceeding is DISMISSED, with prejudice.

IT IS SO ORDERED.

DATED this  10  day of August, 2009.

                                                Malcolm F. Marsh
United States District Judge